MEMORANDUM OPINION
SPORKIN, District Judge.
This matter is before the Court on Defen-dantr-Petitioner Ivan Joseph’s 28 U.S.C. § 2255 motion to vacate his conviction under 18 U.S.C. § 924(c)(1). Section 924(c)(1) imposes a mandatory five year sentence for using or carrying a firearm while committing a drug trafficking crime.[1] Joseph contends that under the narrower definition of “use,” *27 enunciated in the Supreme Court’s decision in Bailey v. United States, — U.S. -, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the evidence presented at his trial was insufficient to convict him. In the alternative, defendant argues that this Court’s instruction on “use” was legally deficient and that he should be granted a new trial.
BACKGROUND
On February 23, 1988, police stopped Joseph and his younger brother Mayers after they arrived at Union Station in Washington, D.C. on the “night owl” train from New York City. The officers obtained Joseph’s consent to search a bag being carried by Mayers. In it, they found 70.55 grams of crack cocaine and a .38 caliber pistol. On June 22, 1988, Joseph was convicted before this Court on several charges, including using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1).
The Court of Appeals affirmed Joseph’s conviction on December 29, 1989. In doing so, the Court relied specifically on the “carry” prong of 924(c)(1), finding that the evidence “supported] circumstantially the conclusion that the defendant knew that the firearm was in the bag, and intended to carry it for the protection of his drug trafficking activity.” United States v. Joseph, 892 F.2d 118, 125-26 (D.C.Cir.1989).[2]
On December 6, 1995, the Supreme Court in Bailey v. United States, — U.S. -, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), held that federal courts had been interpreting the meaning of “use” in § 924(c)(1) too broadly. The Supreme Court held that in order for a person to be convicted under the use prong of § 924(c)(1), the government must show “an active employment of the firearm by the defendant.” Bailey, — U.S. at -, 116 S.Ct. at 505. The Court concluded, however, that a defendant who did not “actively employ[]” a firearm, nevertheless, could be found to have “carried” a firearm. Id. at -, 116 S.Ct. at 509. Accordingly, the Court remanded Bailey to the Court of Appeals to determine if the evidence supported a conviction under the “carry” prong. Id. Defendant-petitioner Joseph now urges this Court to reconsider his conviction in light of Bailey.
ANALYSIS
In ruling on a § 2255 motion, this Court must re-examine Joseph’s conviction in light of any subsequent interpretive changes in the substantive criminal law. See Davis v. United States, 417 U.S. 333, 341-42, 94 S.Ct. 2298, 2302-03, 41 L.Ed.2d 109 (1974); United States v. McKie, 73 F.3d 1149, 1151, 1153 (D.C.Cir.1996). The Court considers both of Joseph’s claims in light of this standard and the Supreme Court’s recent decision in Bailey.
1. Insufficiency of Evidence to Support Conviction
Joseph’s first claim addresses the question of evidentiary sufficiency — specifically, he claims there was no evidentiary basis for conviction under either the “use” prong or the “carry” prong of § 924(c)(1). The Supreme Court has held that where a jury has two or more bases of conviction, and the evidence on one basis is insufficient, a conviction will nevertheless be upheld if the evidence was sufficient on the alternative basis. Griffin v. United States, 502 U.S. 46, 56, 112 S.Ct. 466, 472-73, 116 L.Ed.2d 371 (1991); Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).[3] This is true, even though the Court does not *28 know which of the bases premised the jury’s conclusion. Id.
Joseph claims that in light of the new narrower definition of “use” found in Bailey, the evidence against him was insufficient for conviction under § 924(c)(1). Review of the Court of Appeals 1989 decision in this case, Joseph, 892 F.2d 118, makes it clear that defendant-petitioner’s contention is without merit. In its decision, the Court of Appeals specifically considered Joseph’s challenge on the “carry” prong and found that the evidence was sufficient to uphold Joseph’s conviction. Joseph, 892 F.2d at 125-26. That decision is not affected by the Supreme Court’s decision in Bailey because Bailey went solely to the definition of “use,” and not “carry.” Therefore, this Court need not revisit the question of whether the evidence was sufficient to convict on the “carry” prong.
2. Improper Instruction on “Use”
The Supreme Court has distinguished cases where one basis for conviction is later found to be unconstitutional or illegal, rather than merely based on insufficient evidence. Yates v. United States, 354 U.S. 298, 312, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356 (1957); Griffin, 502 U.S. 46, 112 S.Ct. 466.[4] In such cases, a finding that one basis for conviction was illegal or unconstitutional is grounds for setting aside a verdict, even if the jury could have convicted on an alternate, legal ground. Id. One example of legal insufficiency is presentation to the jury of a “theory of conviction ... [that] fails to come within the statutory definition of the crime.” Griffin, 502 U.S. at 59, 112 S.Ct. at 474.
In light of the Supreme Court’s decision in Bailey, a jury instruction that defines “use” too broadly would appear to create the type of improper “theory of conviction” envisioned by the Court in Griffin, and thus be grounds for setting aside the verdict. The question this Court must decide, therefore, is whether the instruction given to the jury in this case was so broad as to create an illegal basis for conviction.
Reviewing a transcript of its instructions to the jury, the Court finds that it specifically told the jurors that “the term ‘use’ means to employ or avail oneself of.” Trial Tr., June 21, 1988 at 185 (emphasis added). The Court in Bailey stated that definitions of “use” such as ‘“to employ' [and] ‘to avail oneself of ... imply action and implementation.” Bailey, — U.S. at -, 116 S.Ct. at 506. Therefore — far from describing a mere passive use of a firearm— this Court employed almost the exact language used by the Supreme Court to describe the proper interpretation of § 924(c)(1). The Court’s instruction conformed to the Bailey rule and defendant-petitioner’s motion for a new trial on the basis that the court improperly instructed the jury is without merit.
Having rejected both of Joseph’s claims, the Court will deny his motion. An appropriate order accompanies this memorandum opinion.

. Section 924(c)(1) reads, in relevant part, as follows:
Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime ..., be sentenced to imprisonment for five years.

. Despite the fact that Mayers carried the bag, the evidence indicated that it was in the joint possession of both brothers. Indeed, shortly after giving police consent to search the bag, Joseph tried to reach into it. After being told by the officers not to touch the bag, Joseph asked police to conduct the search in a more private area of the station because he had "underwear and things in the bag.” Joseph, 892 F.2d at 120-21.

. Turner involved a charge of knowingly purchasing, possessing, dispensing and distributing heroin not in or from the original stamped package. Turner, 396 U.S. at 420, 90 S.Ct. at 654. Holding that sufficient evidence of distribution only was enough for a conviction, the Court stated that "when a jury returns a guilty verdict on an indictment charging several acts in conjunction ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged.” Id.

. In Yates, the Supreme Court held that "a verdict [is] to he set aside in cases where the verdict is supportable on one [legal] ground, but not on another," Yates, 354 U.S. at 312, 77 S.Ct. at 1073. The Court in Griffin emphasized that Yates applied only in cases where "one of the possible bases of conviction was ... illegal ... [not] merely unsupported by sufficient evidence," Griffin, 502 U.S. at 56, 112 S.Ct. at 472. The Court went on to explain that "[j]urors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law — whether, for example, the action in question ... fails to come within the statutory definition of the crime.” Id. at 59, 112 S.Ct. at 474. See also, United States v. Collins, 56 F.3d 1416, 1418-19 (D.C.Cir.1995) (discussing Yates and Griffin ).